| | |
|---|---|
| DATE: | March 18, 2013 |
| TO: | Michael Daddario, Acting Chief<br>Bal Harbour Police Department |
| VIA: | Glenn Stolzenberg, Major<br>Professional Compliance Bureau |
| FROM: | Heath Genovar, Sergeant<br>Internal Affairs Section |
| SUBJECT: | Complaint of Chief Thomas Hunker<br>Bal Harbour Police Department |
| CASE NUMBER: | I.A. 2012-0280 |

**INVESTIGATION**

On Monday, November 19, 2012, at 2:00 p.m., Bal Harbour Police Department (BHPD) Chief Thomas Hunker telephonically contacted the Miami-Dade Police Department (MDPD) Professional Compliance Bureau (PCB) after his review of MDPD Internal Affairs (IA) case file IA 2012-0170, which was originally investigated by PCB Sergeant Eduardo Leon, regarding departmental misconduct complaints made by BHPD Officer Ramon Fernandez against the BHPD.

On Friday, November 7, 2012, Chief Hunker stated that at the conclusion of his review of Officer Fernandez's complaint, he discovered that Officer Fernandez committed BHPD misconduct violations pertaining to the usage of police information systems. Chief Hunker relayed that the databanks Officer Fernandez accessed were the Voyager system, Florida Crime Information Center (FCIC), and National Crime Information Center (NCIC). Chief Hunker elaborated that Officer Fernandez utilized the aforementioned information systems to acquire, for his personal knowledge and benefit, information on individuals outside of the scope of his police duties with the BHPD.

Additionally, Chief Hunker contended that Officer Fernandez intentionally divulged information to civilian parties pertaining to the IA complaint he made against the BHPD and that he did not notify him of a pending civil lawsuit that he initiated on Thursday, May 5, 2011.

Investigator's Note: Chief Hunker was suspended from police duty on Monday, December 10, 2012, by Bal Harbour Mayor Jean Rosenfield pending the outcome of a Department of Justice (DOJ) investigation. Captain Daddario assumed the assignment as the Acting Chief for the BHPD during Chief Hunker's absence.

Exhibit J

Michael Daddario, Acting Chief
March 18, 2013
Page 2

Complainant's Allegations:

On Monday, November 26, 2012, at 12:50 p.m., BHPD Chief Thomas Hunker rendered a digitally recorded statement to this investigator and PCB Sergeant Patrick Calvo at the BHPD, located at 655 96 Street, Bal Harbour, Florida. Chief Hunker provided the following information:

Chief Hunker stated that on Wednesday, November 7, 2012, at 11:00 a.m., during his review of PCB Sergeant Leon's investigative summary, and the Florida Department of Law Enforcement (FDLE) Transaction Archive Report (TAR) contained therein, it was discovered that Officer Fernandez had conducted a search query of himself and his daughter, Ms. ████████, utilizing police information systems. Chief Hunker advised that he became concerned about Officer Fernandez's NCIC and FCIC queries and after consultation with BHPD Captain Michael Daddario, he suggested that he contact BHPD Police Dispatch Supervisor (PDS) Pamela Flanders-Alvin, in order to have her obtain Officer Fernandez's Daily Activity Reports that corresponded with the dates and times that he had conducted the search queries. Chief Hunker explained that he also ensured that PDS Flanders-Alvin gathered the information related to everyone that Officer Fernandez conducted police queries on.

Chief Hunker advised that it was revealed that on Friday, February 24, 2012, that Officer Fernandez conducted a query of himself and Mr. Robert Estrada, by utilizing the FCIC and NCIC computer systems from the BHPD Desk Operations Center (DOC). Chief Hunker elaborated that the search query of Ms. Fernandez was conducted by Officer Fernandez on Saturday, April 21, 2012, and that Officer Fernandez used the BHPD Voyager system from his mobile laptop computer to access the NCIC and FCIC systems.

Investigator's Note: Voyager is a computer software program that is installed in BHPD laptop computers that enables authorized police users to gain mobile access to the Department of Highway Safety and Motor Vehicle (DHSMV) NCIC and FCIC systems from their patrol vehicles.

Chief Hunker relayed that on Thursday, November 1, 2012, at 9:00 a.m., he was in attendance of a Bal Harbour council meeting pertaining to an ongoing inquiry by the DOJ into the BHPD. Chief Hunker elaborated that after his presentation the Mayor opened the floor for comments from those in attendance. Chief Hunker affirmed that the speakers included the Bal Harbor Citizens Coalition Director, Ms. Dina Cellini and spokesperson, Mr. Brian Mulheren. Chief Hunker articulated that Ms. Cellini and Mr. Mulheren spoke openly about their knowledge of an ongoing IA investigation being conducted by the MDPD.

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 3

Chief Hunker added that Mr. Mulheren spoke about a report that Officer Fernandez had provided to the Bal Harbour City Manager regarding comments about the Tri-County Task Force. Chief Hunker contended that Ms. Cellini stated that some of the allegations that were in Officer Fernandez's report were also subject to the review by the DOJ. Chief Hunker advised that during the meeting Mr. Mulheren stated that he had checked with several people and thought that these reports should not be public record and he demanded that the DOJ should conduct an investigation into these allegations as well. Chief Hunker advised that he was informed by PCB Sergeant Leon that Officer Fernandez was made aware that he was not supposed to speak with anyone about the IA investigation. Chief Hunker believes that Officer Fernandez told Mr. Mulheren and Ms. Cellini about the open IA investigation.

Chief Hunker concluded that he was also made aware that Officer Fernandez had violated BHPD policy by failing to make notification of a civil lawsuit that he filed against Mr. Robert Tenzer in 2011 for Defamation of a Public Officer, regarding an on-duty incident. (For further details, refer to the sworn digitally recorded statement as well as Official Records #4, #5, #10, and #12.)

The complainant alleges that:

1. On Thursday, May 5, 2011, Officer Fernandez initiated a civil lawsuit for Defamation of a Public Officer against Mr. Robert Tenzer, without first notifying him of his actions. (Allegation Classification: Departmental Misconduct/Improper Procedure.)

2. On Friday, February 24, 2012, Officer Fernandez utilized the DAVID, FCIC, and NCIC systems to conduct a query of himself. (Allegation Classification: Departmental Misconduct/Improper Procedure.)

3. On Friday, February 24, 2012, Officer Fernandez utilized the NCIC and FCIC systems to conduct queries of Mr. Robert Estrada. (Allegation Classification: Departmental Misconduct/Improper Procedure.)

4. On Saturday, April 21, 2012, Officer Fernandez utilized the Voyager, DAVID, FCIC, and NCIC to conduct queries of his daughter, Ms. ▇▇▇▇▇▇. (Allegation Classification: Departmental Misconduct/Improper Procedure.)

5. Between Tuesday, July 3, 2012, and Thursday, November 1, 2012, Officer Fernandez divulged information pertaining to an active BHPD internal investigation. (Allegation Classification: Departmental Misconduct/Improper Procedure.)

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 4

Investigator's Note: The below listed allegations were discovered after a review of a Transaction Archive Report (TAR) pertaining to Officer Fernandez' FCIC/NCIC inquiry history. Chief Hunker reviewed the report and identified the following violations.

Investigative allegations:

6. On Saturday, April 16, 2011, Officer Fernandez utilized the NCIC and FCIC systems to conduct a query of BHPD Officer Lazaro Miel. (Allegation Classification: Departmental Misconduct/Improper Procedure.)

7. On Thursday, April 21, 2011, Officer Fernandez utilized the NCIC and FCIC systems to conduct a query of BHPD Officer Hector Gonzalez. (Allegation Classification: Departmental Misconduct/Improper Procedure.)

8. On Thursday, April 21, 2011, Officer Fernandez utilized the NCIC and FCIC systems to conduct a query of BHPD Officer Alejandro Alvarez. (Allegation Classification: Departmental Misconduct/Improper Procedure.)

9. On Thursday, April 21, 2011, Officer Fernandez utilized the NCIC and FCIC systems to conduct a query of himself. (Allegation Classification: Departmental Misconduct/Improper Procedure.)

Complainant:

1. Chief Thomas Hunker, W/M
   Badge #01
   Bal Harbour Police Department

Criminal Convictions:   None

Prior Complaints:   None

**WITNESSES**

Civilian:

1. Mr. Brian Mulheren, W/M
   Date of Birth: [redacted]

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 5

On Friday, January 4, 2013, at 10:00 a.m., this investigator telephonically contacted Mr. Brian Mulheren. Mr. Mulheren stated that he was puzzled by my telephone call and inquired as to why the MDPD was contacting him. Mr. Mulheren was informed that the MDPD was conducting an IA investigation on behalf of the BHPD. Mr. Mulheren advised during our telephone conversation that he did not want to speak with this investigator about any internal police matters pertaining to the BHPD now or in the future. (For further details, refer to Official Records #6, #10, and #11.)

2.     Ms. Dina Cellini, W/F
       Date of Birth: 08/31/1956
       211 Bal Cross Drive
       Bal Harbour, Florida 33154
       (305) 308-4668

On Friday, January 4, 2013, at 10:11 a.m., this investigator telephonically contacted Ms. Dina Cellini and informed her that the MDPD was conducting an IA investigation on behalf of the BHPD. Ms. Cellini relayed that she did not understand why MDPD had to be involved and it was explained to her that it was done in order to ensure an unbiased investigation. Ms. Cellini stated that she was, "skittish" about the BHPD under Chief Hunker's leadership as well as to the nature of the investigation. Ms. Cellini asserted that she did not want to speak with this investigator about any BHPD internal police matters now or in the future. (For further details, refer to Official Records #7, #10, and #11.)

3.     Mr. Robert J. Estrada, W/M
       Date of Birth: 08/06/1955
       861 Northwest 116 Avenue
       Plantation Florida 33325.
       (954) 914-1637

On Monday, January 7, 2013, at 10:09 a.m., Mr. Robert Estrada rendered a sworn digitally recorded statement to this investigator at his residence, located at 861 Northwest 116 Avenue, Plantation, Florida. Mr. Estrada related the following information regarding the allegations:

Mr. Estrada stated that he is self-employed by his company Professional Network Solutions Incorporated (PNSI) and that he is subcontracted by the BHPD to provide Information Technology (IT) services. Mr. Estrada advised that his company has rendered IT services to the BHPD since 1998 and continues to make service calls on a weekly basis.

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 6

Mr. Estrada elaborated that he is well known by the BHPD employees, both civilian and sworn, and that he gains access to the BHPD station through the use of an authorized access card that has his personal identification contained within. Mr. Estrada advised that he has access to the BHPD station and all areas, with the exception of the BHPD property room. Mr. Estrada contended that he has never had an encounter with any BHPD officer which would warrant him to provide any of his personal information pertaining to a criminal matter, nor does he ever remember being subjected to any type of background check inquiry in the year of 2012 by any BHPD employee.

Mr. Estrada explained that the only time he underwent any type of criminal background screening by the BHPD was when his company originally applied for access to the FCIC, NCIC, and DAVID systems. Mr. Estrada added that it was standard protocol in order for his company to operate within those systems. Mr. Estrada articulated that during the year of 2012 that it was, "possible" that he may have voluntarily provided his personal information (name and date of birth) to whoever was assigned to the BHPD Desk Operation Center in order to initiate a check of the FCIC and NCIC systems to ensure their operational proficiency. Mr. Estrada affirmed that he could, "not recall specifically" if it was on Friday, February 24, 2012, or who was assigned to DOC duties on that date.

Investigator's Note: A subsequent interview was conducted of Mr. Estrada when it was discovered, through a submitted invoice, that on February 24, 2012, he did not respond to BHPD. In turn an employee of his company made an appearance at the BHPD on the listed date to provide IT services. (For further information refer to Additional Information #6)

Mr. Estrada advised that he has provided his personal information for the aforementioned reasons in the past, but exclusively for the DOC desktop computer. Mr. Estrada concluded that, for other than the reason previously mentioned, he does not know why Officer Fernandez, or any other BHPD employee, would conduct an FCIC/NCIC query of him and that his permission would not have been granted. (For further details refer to the sworn digitally recorded statement and Official Records #3, #5, #6, and #9.)

Police:

1.   Officer Lazaro Miel, W/M
     Badge #06
     BHPD/Uniform Patrol

On Thursday, February 28, 2013, at 12:29 p.m., Officer Miel was telephonically contacted from the PCB office and provided a sworn digitally recorded statement to this investigator. Officer Miel related the following information regarding the allegations:

I.A. 2012-0280

Investigator's Note: At the time of contact Officer Miel was recovering from a recent surgical procedure. As a result the best means of communicating with him was through telephonic contact, since Officer Miel was not available for personal visits or able to respond to the PCB for a formal statement.

Officer Miel advised that on Monday, September 12, 2011, he began his employment with the BHPD. Officer Miel advised that prior to his employment with BHPD he was employed by the City of North Miami Police Department (NMPD) and had ended his employment with NMPD on September 1, 2011. Officer Miel stated that Officer Fernandez was his assigned Field Training Officer (FTO) shortly after he was hired with BHPD, but does not recall the exact dates of assignment. Officer Miel advised that the duration of time he spent with Officer Fernandez spanned two weeks, of which he had only spent five days working with him as a result of their extended work shifts (12 hour shifts). Officer Miel stated that he had no other FTO during his training phases with BHPD.

Officer Miel advised that he was not familiar with Officer Fernandez prior to his employment with BHPD, and that he does not know why he would have conducted a query of him on Saturday, April 16, 2011. Officer Miel stated that he did not conduct an NCIC, FCIC, or any other type of police query of himself utilizing Officer Fernandez's mobile laptop computer on Saturday, April 16, 2011. Officer Miel advised that he was not employed by the BHPD at the time and was still employed by NMPD. Officer Miel also contended that he had no prior knowledge that Officer Fernandez or anyone else had conducted a query of him on Saturday, April 16, 2011. (For further details refer to the sworn digitally recorded statement and Official Records #5.)

2. Sergeant Alejandro Alvarez, W/M
   Badge #09
   BHPD/Uniform Patrol

On Friday, March 1, 2013, at 7:37 a.m., Sergeant Alvarez rendered a sworn digitally recorded statement to this investigator at the BHPD. Sergeant Alvarez related the following information regarding the allegations:

Sergeant Alvarez stated that on Saturday, April 16, 2011, he does not recall whether or not he was on-duty on that date; however, he is authorized by the command staff of the BHPD to provide IT support services to the laptop computers assigned to BHPD officers. Sergeant Alvarez stated that the IT support that he provides pertains to the maintenance of both Voyager and Report Beam (an electronic report writing software used for BHPD documents) computer software systems.

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 8

Sergeant Alvarez stated that he does not recall receiving Officer Fernandez' laptop computer for IT service specifically on Saturday, April 16, 2011. Sergeant Alvarez further advised that he does not conduct NCIC, FCIC, or any other system queries on an employee's assigned laptop computer. Sergeant Alvarez stated that he was also unaware that Officer Fernandez had conducted a police query of Officer Miel on that date.

Sergeant Alvarez explained that he does not recall receiving Officer Fernandez' laptop computer for IT service as indicated on Officer Fernandez' BHPD Daily Activity Report dated Thursday, April 21, 2011. Sergeant Alvarez stated that he did not conduct an NCIC, FCIC, or any type of police information systems query upon himself, Officer Fernandez, Officer Hector Gonzalez, or any other BHPD employee utilizing Officer Fernandez' assigned laptop computer. Sergeant Alvarez further advised that he had no knowledge that Officer Fernandez had conducted a query of him.

Sergeant Alvarez advised that on Friday, February 24, 2012, he does not recall being on-duty on that date and that he did not conduct a query of Mr. Estrada, Officer Fernandez, or any BHPD employee utilizing the NCIC, FCIC, or any type of police information system. Sergeant Alvarez stated that he had no knowledge that Officer Fernandez had conducted the aforementioned queries. (For further details refer to the sworn digitally recorded statement and Official Records #3, #5, and #14.)

3. Officer Hector Gonzalez, W/M
   Badge #17
   BHPD/Uniform Patrol

On Friday, March 1, 2013, at 8:36 a.m., Officer Gonzalez rendered a sworn digitally recorded statement to this investigator at the BHPD. Officer Gonzalez related the following information regarding the allegations:

Officer Gonzalez stated that on Saturday, April 16, 2011, he does not recall whether or not he was on-duty on that date; however, he explained that he has been authorized by the command staff of the BHPD to provide IT support services to the laptop computers assigned to BHPD officers. Officer Gonzalez advised that the IT support that he provides pertains to the maintenance of Report Beam, the traffic citation computer software program, along with any minor computer issues encountered by BHPD officers.

Officer Gonzalez stated that on Saturday, April 16, 2011, he does not specifically recall if he received Officer Fernandez' laptop computer for service. Officer Gonzalez contended that he does not conduct NCIC, FCIC, or any other type of queries using an employee's laptop or more specifically the laptop assigned to Officer Fernandez. Officer Gonzalez added that he was unaware that Officer Fernandez had conducted a police query of Officer

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 9

Miel and does not know why one was conducted. Officer Gonzalez explained that he does not recall receiving Officer Fernandez' laptop computer for service as indicated on Thursday, April 21, 2011. Officer Gonzalez indicated that Officer Fernandez' BHPD Daily Activity Report indicates that his laptop computer was submitted to the BHPD detective bureau for updating. Officer Gonzalez contended that he could not have received Officer Fernandez' laptop computer on that date since he was not a detective at the time assigned to the BHPD Detective Bureau. Officer Gonzalez advised that at the time he was assigned to uniform patrol.

Officer Gonzalez affirmed that he did not conduct an NCIC, FCIC, or any other type of police query upon himself, Officer Fernandez, Sergeant Alvarez, or any other BHPD employee utilizing Officer Fernandez' assigned laptop computer. Officer Gonzalez advised that he did not have any knowledge that Officer Fernandez had conducted such a query and does not know why one would have been conducted.

Officer Gonzalez advised that on Friday, February 24, 2012, he does not recall being on-duty on that date and that he did not conduct a query of Mr. Estrada, Officer Fernandez, or any BHPD employee utilizing the NCIC, FCIC, or any other type of police query. Officer Gonzalez advised that he did not have any knowledge that Officer Fernandez had conducted an NCIC or FCIC query of Mr. Estrada. (For further details refer to the sworn digitally recorded statement and Official Records #3, #5, and #14)

4. Sergeant Paul Deitado, W/M
   Badge #15
   BHPD/Uniform Patrol

On Friday, March 1, 2013, at 9:16 a.m., Sergeant Deitado rendered a sworn digitally recorded statement to this investigator at the BHPD. Sergeant Deitado related the following information regarding the allegations:

Sergeant Deitado stated that he is the BHPD Administrative Sergeant and manages the laptop program and the Report Beam system. Sergeant Deitado relayed that he has nothing to do with accessing BHPD employee laptops and that when he receives a laptop computer that requires service that he assigns it to Officer Gonzalez, Sergeant Alvarez, or Mr. Estrada.

Sergeant Deitado advised that he does not remember receiving Officer Fernandez' laptop computer on Saturday, April 16, 2011. Sergeant Deitado added that he has received Officer Fernandez' laptop computer in the past, but could not remember the exact dates. Sergeant Deitado contended that he did not conduct an NCIC, FCIC, or any other type of police information systems query upon Officer Miel, or any other BHPD employee utilizing

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 10

Officer Fernandez' assigned laptop computer. Sergeant Deitado further advised that he was unaware that Officer Fernandez conducted a NCIC, FCIC, or any type of police query of Officer Miel on that date and does not know why he would do so.

Sergeant Deitado explained that on Thursday, April 21, 2011, he does not recall if he had been working on that date, nor does he have any recollection receiving Officer Fernandez' laptop computer for service. Sergeant Deitado advised that if he did receive Officer Fernandez' laptop computer for service, it would have been turned over to Officer Gonzalez for servicing.

Sergeant Deitado stated that he did not conduct an NCIC, FCIC, or any other type of police information systems query upon Officer Fernandez, Officer Gonzalez, Sergeant Alvarez, or any other BHPD employee utilizing Officer Fernandez' assigned laptop computer. Sergeant Deitado advised that he did not have any knowledge that Officer Fernandez had conducted an NCIC or FCIC query of any of the aforementioned BHPD employees and does not know why he would do so.

Sergeant Deitado advised that on Friday, February 24, 2012, he does not recall being on duty on that date and that he did not conduct a query of Mr. Estrada, Officer Fernandez, or any BHPD employee utilizing the NCIC, FCIC, or any type of police information system utilizing Officer Fernandez' laptop computer or any BHPD computer. Sergeant Deitado stated that he had no knowledge that Officer Fernandez conducted the aforementioned queries on that date. (For further details refer to the sworn digitally recorded statement and Official Records #3, #5, and #14.)

5.  Sergeant Raul Martinez, W/M
    Badge #12
    BHPD/Uniform Patrol

On Friday, March 1, 2013, at 7:00 a.m., Sergeant Martinez rendered a sworn digitally recorded statement to this investigator at the BHPD. Sergeant Martinez related the following information regarding the allegations:

Sergeant Martinez stated that he was the immediate supervisor of Officer Fernandez in April of 2012. Sergeant Martinez advised that he does not recall working on Saturday, April 21, 2012, and that he does not recall granting Officer Fernandez permission to conduct a NCIC, FCIC, DHSMV, or any type of police query of his daughter, Ms. ▇▇▇▇▇▇. Sergeant Martinez advised that he was not made aware of any query conducted by Officer Fernandez on that date. (For further details refer to the sworn digitally recorded statement and Official Records #4)

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 11

**OFFICER INVOLVED**

1. Officer Ramon Fernandez, W/M
   Badge #28
   BHPD/Uniform Patrol

On Tuesday, February 19, 2013, at 12:54 p.m., Officer Ramon Fernandez rendered a formal statement to this investigator and PCB Sergeant Patrick Calvo at the PCB office. Officer Fernandez was represented by Police Benevolent Association (PBA) attorney, Mr. James Casey and related the following information regarding the allegations:

Officer Fernandez stated that on Saturday, April 16, 2011, he was employed by the BHPD, but does not recall whether or not he was working that day. Officer Fernandez advised that he may have been functioning in the capacity as an FTO and might have provided police training to Officer Lazaro Miel who had been newly hired by the BHPD and assigned to him. Officer Fernandez asserted that he did not utilize the NCIC, FCIC, or any other BHPD police information systems to conduct a query of Officer Miel on that date. Officer Fernandez contended that he does not know who could have utilized his assigned BHPD password or mobile laptop computer.

Officer Fernandez explained that while training Officer Miel in 2011 as his FTO they shared his police vehicle during their work shifts while functioning as a two-person police unit. Officer Fernandez advised that during that time Officer Miel utilized his assigned BHPD laptop computer to conduct traffic enforcement related inquires. Officer Fernandez stated that he was unaware as to whether or not Officer Miel conducted a search of himself utilizing his profile/password on his laptop computer. Officer Fernandez confided that he is aware that he is responsible for the security of his BHPD computer password for his departmentally issued mobile laptop computer. Officer Fernandez asserted that he did not reveal to anyone his computer password, with the exception of those individuals that are authorized by the department to service the departmentally issued laptop computer. Officer Fernandez stated that he has in the past turned over his departmentally issued laptop computer to Sergeant Paul Deitado and Sergeant Alex Alvarez who are authorized by the department to provide support services for the issued laptop.

Officer Fernandez advised that on Thursday, April 21, 2011, he does not remember whether or not he was working. Officer Fernandez stated that he did not conduct an NCIC, FCIC, or any other BHPD police information system query of Officers Hector Gonzalez, Alejandro Alvarez, or himself. Officer Fernandez advised that he has no reason to conduct such queries. Officer Fernandez affirmed that he does not know who could have utilized his BHPD computer password or his assigned BHPD mobile laptop computer to conduct the queries of himself or the aforementioned officers.

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 12

Officer Fernandez explained that on Monday, May 5, 2011, he did file a civil lawsuit against Mr. Robert Tenzer for Defamation of a Public Officer. Officer Fernandez advised that prior to doing so he ensured that he had notified Chief Hunker of his actions via electronic mail. Officer Fernandez advised that he does not recall the exact date and time that he transmitted the electronic mail, but that it was done from his mobile laptop computer. Officer Fernandez advised that he also had notified retired BHPD Captain Mike Quinn of his intentions of filing the lawsuit and provided him with a tangible copy of the electronic mail notification addressed to Chief Hunker. Officer Fernandez advised that he has a copy of the electronic mail notification and will provide it to this investigator for his review.

Officer Fernandez elaborated that on Friday, February 24, 2012, he was on duty and working his assigned shift which spanned from 7:00 a.m., until 7:00 p.m. Officer Fernandez advised that during that time frame he did not conduct an NCIC, FCIC, or any other BHPD police information system query of Mr. Estrada or himself. Officer Fernandez elaborated that he does not know who could have conducted the mentioned queries and that he did not reveal his computer security password to anyone.

Officer Fernandez stated that on Saturday, April 21, 2011, he did conduct an NCIC and FCIC query of his daughter, Ms. ▇▇▇▇▇▇▇ Officer Fernandez explained that he did so because he recently had purchased her a new car and wanted to ensure that there were no errors or mistakes with her newly acquired vehicle registration. Officer Fernandez advised that prior to doing so he received the approval from his immediate supervisor Sergeant Raul Martinez.

Officer Fernandez advised that in May of 2012 he initiated an internal complaint against employees of the BHPD. Officer Fernandez advised that he initially approached the BHPD command staff with the complaint and that it was later brought to his attention that the MDPD was taking over the investigation. Officer Fernandez stated that he gave his formal statement before PCB Sergeant Leon on Tuesday, July 3, 2012. Officer Fernandez advised that at the conclusion of his statement he was instructed to not discuss the IA complaint with anyone except PCB Sergeant Leon or his attorney. Officer Fernandez advised that he did not divulge any portion of the IA investigation to Mr. Mulheren, Ms. Cellini, or anyone else. Officer Fernandez advised that his relationship with Mr. Mulheren and Ms. Cellini is strictly professional and that they are residents of Bal Harbour. Officer Fernandez advised that he also does not know what Mr. Mulheren or Ms. Cellini were alluding to during their commentary at the Bal Harbour council meeting which took place on Thursday, November 1, 2012.

Officer Fernandez advised that he believes that his mobile laptop computer has not been functioning properly as of late and on two occasions displayed the following messages, "the administrator is logged on" and "this IP address is being utilized by another location".

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 13

Officer Fernandez advised that he found that rather odd and photographed the mobile laptops computer screen while those messages were displayed. Officer Fernandez advised that he would provide the photographs to his attorney for my review at a later time. (For further details refer to the formal statement)

Criminal Convictions:        None

Prior Sustained Complaints:  None

## ADDITIONAL INFORMATION

1. On Friday, November 7, 2012, BHPD Chief Hunker discovered possible misconduct on the part of Officer Fernandez after a review of MDPD PCB case file IA 2012-0170. At the request of Chief Hunker this investigation was initiated by the MDPD PCB on Monday, November 19, 2012. After reviewing the facts of the case, this investigator determined that there was no evidence of criminality on the part of BHPD Officer Fernandez, and the case was classified as an administrative investigation.

    On Tuesday, November 27, 2012, at the request of Chief Hunker, this investigator commissioned PCB Police Crime Analysis Specialist 1 (PCAS1) Hector Alfonso to garner a TAR pertaining to Officer Fernandez' FCIC/NCIC inquiry history. Chief Hunker requested a two year range of time for the TAR, which spanned from Friday, January 1, 2010, through Thursday, November 8, 2012. The TAR was received from PCAS1 Alfonso on Monday, December 17, 2012, and was turned over to Chief Hunker for his review and identification of any violations. As a result the listed investigative allegations were identified. (For further details, refer to Official Record #5.)

2. On Friday, December 21, 2012, this investigator responded to the BHPD to meet with Chief Hunker. Once there it was revealed by Captain Daddario that Chief Hunker was suspended from police duty on Monday, December 10, 2012, by Bal Harbour Mayor Jean Rosenfield pending the outcome of a Department of Justice (DOJ) investigation. Captain Daddario advised that he is currently the acting BHPD chief until Chief Hunker returns.

    Captain Daddario indicated that Chief Hunkers' thorough examination of the TAR revealed that on Friday, February 24, 2012, and Saturday, April 21, 2012, Officer Fernandez conducted queries of himself, Mr. Estrada, and his daughter, Ms. Jessica Fernandez. It also revealed that on Saturday, April 16, 2011, he conducted

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 14

a query of BHPD Officer Lazaro Miel and on Saturday, April 21, 2011, Officer Fernandez conducted a query of himself as well as BHPD Officer Hector Gonzalez, and Sergeant Alejandro Alvarez. (For further details, refer to Official Records #4 and #5.)

3. On November 28, 2012, a compact disk was provided by Chief Hunker containing the digitally recorded audio of the Bal Harbour council meeting which took place on Monday, November 1, 2012, at 9:00 a.m. The following was revealed:

- An excerpt of the dialog that Mr. Mulheren is engaged in reveals that he stated, "We've requested, under the freedoms of information, a report by Officer Ray Fernandez, a hero police officer of the Bal Harbour Police Department, which went to the village manager and what action was taken on that? How come that document has not been released?"
Mr. Mulheren does not specify what type of report or document originated from Officer Fernandez.

- Key excerpts of the dialog that Ms. Cellini is engaged in states, "The same findings that the Department of Justice concluded are also discussed in the report provided by Officer Ray Fernandez. Officer Fernandez filed his complaint in May, almost six months ago, alleging some of the same lack of oversight that the DOJ has concluded."

Ms. Cellini does not specify how she came to the knowledge of the report, only knowing of its existence and that Officer Fernandez is the author.

Chief Hunker believes that the information that was divulged to Ms. Cellini and Mr. Mulheren was part of an active PCB investigation being conducted by PCB Sergeant Leon under MDPD PCB case number IA 2012-0170, which had some information pertaining to a DOJ investigation contained therein. After listening to Mr. Mulheren and Ms. Cellini's statements in their entirety it could not be confirmed whether or not the report they were referring to was affiliated with an ongoing MDPD PCB investigation involving Officer Fernandez. Additionally, the information that may have been provided to Mr. Mulheren and Ms. Cellini by Officer Fernandez was stated as occurring in May. Officer Fernandez initiated the PCB complaint with the MDPD in June of 2012. (For further details, refer to Official Records #7, #8, #10, and #11.)

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 15

4. On Monday, May 5, 2011, Officer Fernandez initiated a lawsuit against Mr. Robert Tenzer for Defamation of a Public Officer with the Miami-Dade County Clerk of the Courts Civil/Probate Justice System under case number 2011-14040-CA-01. (For further details, refer to Official Record #12.)

5. On Tuesday, January 29, 2013, at 10:43 a.m., this investigator telephonically notified BHPD Sergeant Raul Martinez, who was the immediate supervisor of Officer Fernandez from 2010 through 2012. Sergeant Martinez advised that during the time that Officer Fernandez was his subordinate he was never informed by Officer Fernandez that he was filing a lawsuit against Mr. Tenzer. Sergeant Martinez elaborated that he was not aware of any lawsuit involving Officer Fernandez until he received a subpoena in December of 2012 indicating that he was being deposed by Officer Fernandez' attorney, Mr. Barrios-Balbin, on Wednesday, January 9, 2013. (For further details, refer to Official Record #13)

6. On Friday, February 8, 2013, this investigator responded to the BHPD and met with Captain Daddario. Captain Daddario brought to my attention the existence of two PNSI work order invoices which reflected that IT services were provided to the Bal Harbour Village on February 24, 2012.

After a review of the PNSI invoices provided by Captain Daddario, it was discovered that Mr. Estrada submitted two invoices for IT services that was provided on Friday, February 24, 2012, to the Bal Harbour Village. One of the invoices reflected a technician named, "Raul" that provided IT services at BHPD. The other invoice reflected a technician named, "Bob" that provided IT services at "BHV: Tourism." On Wednesday, February 13, 2013, at 11:33 a.m., this investigator telephonically contacted Mr. Estrada pertaining to the invoices and to provide clarification on the technicians. Mr. Estrada advised that the invoice for "BHV" was for services that he rendered at the Bal Harbour Village Tourism Department (BHVTD). Mr. Estrada contended that the BHVTD is a separate building from the BHPD. Mr. Estrada stated that all the IT services that he provided on that date were reflected in the invoice, which does not reflect any services provided at BHPD. Mr. Estrada concluded that Mr. Raul Lopez, who is his employee, had provided IT services on February 24, 2012, at the BHPD. Mr. Estrada, to his recollection, did not provide any services to BHPD on February 24, 2012. Mr. Estrada subsequently provided this investigator with Mr. Lopez' contact information.

On Wednesday, February 13, 2013, at 11:44 a.m., this investigator telephonically contacted Mr. Lopez. Mr. Lopez advised that according to the invoice that he prepared, he provided IT services at the BHPD station. Mr. Lopez asserted, that while at BHPD, he did not gain access to the NCIC or FCIC systems under Officer

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 16

    Fernandez' profile to conduct any police queries, nor did he direct Officer Fernandez to conduct such queries. (For further details, refer to Official Record #9.)

7. On Tuesday, February 19, 2013, at the conclusion of Officer Fernandez' sworn statement he read a specifically prepared statement into the record in which he claims that he was not provided with any written notification of the specific allegations brought forth against him by Chief Hunker. Officer Fernandez also stated that he had only received a written notification from the MDPD PCB indicating that he was to appear at the PCB and that the notification was ambiguous as to whether he was a subject or witness officer.

    Contrary to what Officer Fernandez stated at the conclusion of his formal statement, on Tuesday, February 12, 2013, at 3:30 p.m., this investigator telephonically notified Officer Fernandez's attorney, Mr. Casey of the PCB appearance. Mr. Casey informed this investigator that he was in receipt of Officer Fernandez's PCB notification and that he would be in attendance at the specified date and time along with Officer Fernandez. Mr. Casey was also notified that Officer Fernandez was going to be interviewed as a subject officer, as indicated in the PCB notification. This investigator directed Mr. Casey's attention to the portion of the PCB notification that clearly indicates he was a subject officer and clarified that Officer Fernandez' statement was to be taken at the PCB office.

    On Tuesday, February 19, 2013, prior to taking Officer Fernandez' sworn statement he was also provided with the following forms prior to the formal statement: Allegation Memorandum, MDPD PCB Acknowledgement Receipt of Official Records, Subject Employee Statement Form, and the Florida Law Enforcement Officer's Bill of Rights. Officer Fernandez affixed his signature to all of the provided documents after he had the opportunity to review them. (For further details, refer to Official Record #18.)

9. On Thursday, February 21, 2013, at 10:50 a.m., and 11:05 a.m., Mr. Casey provided this investigator, via electronic mail, with seven digital photographs that were taken by Officer Fernandez. After a thorough evaluation of the photographs it was revealed that the photographs depicted a computer screen of a laptop computer. The computer screen has an open window that indicates the following message:

    "Another device on the network is using your computer's IP address ■■■■■■■■. Try connecting again later. If you continue to have problems, change the IP address of this computer or the IP address of the other device. Contact the network administrator if you need more information."

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 17

Upon evaluation of the photographs it was undeterminable as to whether or not the pictures were from Officer Fernandez' departmentally issued laptop computer. Additionally, the lower right corner of the computer screen indicates a date of October 6, 2012, at 7:00 a.m., a date which is inconsistent with the allegations involved in this investigation. (For further details, refer to Official Record #13.)

At 11:08 a.m., Mr. Casey provided this investigator, via electronic mail, with three BHPD Daily Activity Reports from Officer Fernandez. The dates on the reports are for April 21, 2011, February 24, 2012, and April 21, 2012. On the BHPD Daily Activity Report that is dated April 21, 2011, it indicates on the final entry, "Detective Bureau" and the time entries reflect, 1641 to 1735 hours. The remarks portion indicates, "Updating laptop computer." Despite the BHPD Daily Activity Report indicating that the laptop computer was updated there is no indication of the individual who had performed the update of the laptop computer or what the nature of the update was.

At 11:10 a.m., Mr. Casey provided this investigator, via electronic mail, with two scanned electronic mail notifications that, according to Officer Fernandez, were previously printed and retained. The electronic mail notifications were authored by Officer Fernandez. The first of the two notifications was dated Wednesday, March 9, 2011, at 1:27 p.m., and was sent to Chief Hunker. Officer Fernandez delineates in the electronic mail his intentions of exploring the possibility of a civil action against Mr. Robert Tenzer. Officer Fernandez filed his lawsuit for Defamation of a Public Officer on May 5, 2011. (For further details, refer to Official Records #16)

The second electronic mail notification is addressed to retired BHPD Captain Leo Quinn dated Friday, August 24, 2012, at 6:50 p.m., and pertains to Officer Fernandez' concerns regarding services being rendered to his laptop computer and the divulgence of his assigned BHPD laptop computer password. Officer Fernandez indicates his concerns about how the system administrators should use their own passwords in order to accurately track who has accessed his laptop computer and what type of service was provided. (For further details, refer to Official Records #14 and #15.)

10. On Friday, February 22, 2013, this investigator met with Captain Daddario at the BHPD in order to obtain the archived FTO records for Officer Miel prepared by Officer Fernandez. This investigator also sought the BHPD Daily Activity reports for Sergeant Alvarez, and Officer Gonzalez dated April 21, 2011, and February 24, 2012, as well as Sergeant Martinez' BHPD Daily Activity Report for April 21, 2012. Captain Daddario relayed that the BHPD does not retain BHPD employee Daily Activity Reports beyond one year.

I.A. 2012-0280

Additionally, Captain Daddario advised that he could not locate the FTO training records for Officer Miel, but that Officer Miel submitted his police application with the BHPD on March 31, 2011, and secured employment with the BHPD on September 12, 2011. Lastly, this investigator inquired about any type of log or documentation pertaining to who had rendered IT services to Officer Fernandez' laptop computer. Captain Daddario concluded that there were no such documents.

11. On March 1, 2013, at 7:00 a.m., this investigator contacted Captain Daddario in order to request contact information for retired BHPD Captain Quinn. Captain Daddario advised that Captain Quinn, upon his retirement from the BHPD in 2012, relinquished his BHPD issued cellular telephone and did not provide any other means of contact.

**OFFICIAL RECORDS**

1. Preliminary Case Report.

2. BHPD Departmental photograph of Officer Ramon Fernandez used for identification purposes.

3. BHPD Daily Activity Reports of Officer Ramon Fernandez, dated February 24, 2012, and April 21, 2012.

4. Voyager Query Reports for BHPD Officer Ramon Fernandez, provided by Chief Hunker, dated April 21, 2012.

5. FDLE Transaction Archive Report for BHPD Officer Ramon Fernandez requested by PCB Police Crime Analysis Specialist 1 (PCAS1) Hector Alfonso, dated January 1, 2010 through November 8, 2012.

6. DAVID Individual Summary page for Mr. Robert Estrada.

7. DAVID Individual Summary page for Ms. Dina Cellini.

8. DAVID Individual Summary page for Mr. Brian Mulheren.

9. Professional Network Solutions Incorporated invoice number 3255, dated February 18, 2012 and Invoice number 3305, dated March 13, 2012.

10. Compact disc audio recording of the Bal Harbour Citizens Coalition council meeting which occurred on November 1, 2012.

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 19

11. Five Day Letters sent to Ms. Dina Cellini and Mr. Brian Mulheren from Major Glenn Stolzenberg, dated January 8, 2013.

12. Miami-Dade County Clerk of the Courts Civil/Probate Justice System Docket Information, case number 11-14040-CA-01, and Civil Complaint for Defamation of a Public Officer.

13. Subpoena For Deposition Duces Tecum for Sergeant Raul Martinez, from Esquire Solutions, Case number 11-14040 CA 31, dated December 5, 2012.

14. Seven (7) Digital photographs of a laptop computer screen taken by Officer Fernandez.

15. BHPD Daily Activity Reports for Officer Fernandez dated April 21, 2011, February 24, 2012, and April 21, 2012, provided by Mr. Casey.

16. Electronic mail notifications authored by Officer Fernandez dated March 9, 2011, and August 24, 2012, provided by Mr. Casey.

17. Witness Employee Statement Forms.

18. Subject Employee Statement Form, Acknowledgement of Receipt of Official Records, and Allegation Memorandum for BHPD Officer Ramon Fernandez, dated January 31, 2013.

**STATEMENTS**

1. Chief Thomas Hunker – Digitally Recorded

2. Mr. Robert Estrada – Digitally Recorded/Verbal

3. Sergeant Alejandro Alvarez – Digitally Recorded

4. Sergeant Paul Deitado – Digitally Recorded

5. Sergeant Raul Martinez – Digitally Recorded

6. Officer Hector Gonzalez – Digitally Recorded

7. Officer Lazaro Miel – Digitally Recorded

I.A. 2012-0280

Michael Daddario, Acting Chief
March 18, 2013
Page 20

8. Officer Ramon Fernandez – Formal.

9. Mr. Raul Lopez – Verbal

"I, the undersigned, do hereby swear, under penalty of perjury, that, to the best of my personal knowledge, information, and belief, I have not knowingly or willfully deprived, or allowed another to deprive, the subject of the investigation of any of the rights contained in ss. 112.532 and 112.533, Florida Statutes."

_____
Heath Genovar, Sergeant
Professional Compliance Bureau
Internal Affairs Section

/hg

I.A. 2012-0280